FILED
NOV - 1 2007
Nov. 1, 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MORRIS PLUMMER ) | |
| ) | |
| Plaintiff, ) | |
| ) | 07CV6187 |
| v. ) | JUDGE ANDERSON |
| ) | MAG. JUDGE NOLAN |
| UNITED STATES OF AMERICA, ) | |
| D.H. ROGERS, M.D. ) | |
| ) | |
| Defendants. ) | |

JH

## COMPLAINT AT LAW

NOW COMES Morris Plummer, by and through his attorney, James M. Sanford, of Cochran, Cherry, Givens, Smith & Montgomery, LLC, complaining of the Defendant, the United States of America and D.H. Rogers, M.D., states as follows:

1. This action arises under the Federal Tort Claims Act 28 U.S.C. §§ 2671 et seq. This court is vested with jurisdiction pursuant to 28 U.S.C. § 1346(b).

2. Plaintiff, Morris Plummer, a resident of Chicago, Illinois, and at all relevant times, a citizen of the United States.

3. At all times herein mentioned, defendant, United States of America by and through the Department of Veterans Affairs, an agency of Defendant, did and still does own and operate Jesse Brown VA Medical Center (hereinafter "Department of Veterans Affairs"), in Chicago, Illinois.

4. At all relevant times herein, Defendant, D. H. Rogers, M.D., was an employee of Defendant, Department of Veterans Affairs and was acting within the scope of his employment.

5. On or about June 12, 2002 and at all times material, a physician-patient relationship

existed wherein, Defendant, D. H. Rogers, M.D., and Morris Plummer. D.H. Rogers, M.D., having held himself out as Plaintiff's primary care physician.

6. On June 12, 2002, Plaintiff, Morris Plummer under went colon cancer screening by having an endoscopic procedure performed. The procedure was performed by Defendant, Department of Veterans Affairs, employees. During the colonoscopy a biopsy was taken which was sent to the lab for evaluation.

7. In October 2002, Defendant, D.H. Rogers, M.D., obtained the results of the biopsy material which had been removed from Plaintiff, Morris Plumer, during the endoscopy in June 2002

8. The biopsy results found that Plaintiff, Morris Plummer, had moderately differentiated adenocarcinoma (rectal cancer) which was invading the submucosa.

9. On October 21, 2002, Defendant, D.H. Rogers, M.D., failed to inform Plaintiff, Morris Plummer, that he had colon cancer. Instead, Defendant, D. H. Rogers, M.D., informed Plaintiff, Morris Plummer, that the colonoscopy showed a benign disease and recommended a repeat work up in 3 to 5 years.

10. From October 2002 and continuing on until May 2006, Plaintiff, Morris Plummer, continued to have medical care provided to him by Defendants, Department of Veterans Affairs and D.H. Rogers, M.D. At no time was Plaintiff, Morris Plummer, ever informed that the biopsy from June 2002 reflected that he had rectal cancer.

11. In May of 2006, Plaintiff, Morris Plummer, had a second colonoscopy. The colonoscopy revealed that Plaintiff, Morris Plummer, colon cancer which was present in June of 2002 had progressed untreated and advanced to metastatic cancer involving his liver.

12. In providing medical services to the Plaintiff, Morris Plummer, the Defendants, D.

H. Rogers, M.D., and the Department of Veterans Affairs had a duty to possess and apply the knowledge, skill, and care, which a reasonable well qualified physician ordinarily would use in similar cases.

13. The Defendants, D. H. Rogers, M.D., and the Department of Veterans Affairs, breached that duty and were negligent in one or more of the following aspects:

(a) Negligently and carelessly failed to accurately interpret the biopsy results in October 2002;

(b) Negligently and carelessly failed to follow up on the cancerous biopsy results in a timely manner;

(c) Negligently and carelessly failed to inform Plaintiff of the biopsy results indicating the presence of rectal cancer and the need for further evaluation, examination and treatment in a timely manner;

(d) Negligently and carelessly informed Morris Plummer that the biopsy results from his colonoscopy were benign;

(e) Were otherwise negligent in the diagnosis, care, and treatment of the Plaintiff, Morris Plummer.

14. That as a proximate result of one or more of the foregoing negligent acts or omissions of Defendants, D. H. Rogers, M.D., and the Department of Veterans Affairs, the Plaintiff, Morris Plummer, suffered severe, irreversible and permanent injuries by allowing his cancer to go untreated for a period of four years.

15. That as a proximate result of one or more of the foregoing negligent acts or omissions of Defendants, D. H. Rogers, M.D., and the Department of Veterans Affairs experienced severe pain

and suffering; has incurred obligations for substantial sums of money for hospital and medical expenses related to his treatment.

16. Plaintiff, Morris Plummer, demands trial by Jury.

WHEREFORE, Plaintiff, Morris Plummer, demands judgment against Defendants, D. H. Rogers, M.D., the Department of Veterans Affairs, and the United States of America in an amount of money in excess of the jurisdictional limit of this court together with the costs of this action.

Respectfully submitted,

By: _____
One of the Attorneys for Plaintiff

James M. Sanford
Cochran, Cherry, Givens, Smith & Montgomery, L.L.C.
One North LaSalle, Suite 2450
Chicago, IL 60602
(312) 977-0200

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MORRIS PLUMMER | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| D.H. ROGERS, M.D. | ) | |
| | ) | |
| Defendants. | ) | |

**AFFIDAVIT**

I, JAMES D. MONTGOMERY, SR., being first duly sworn on oath, depose and state as follows:

1. I have consulted and reviewed the facts of the above entitled case with a physician, licensed to practice medicine in all of its branches and who I reasonably believe:

   a) Is knowledgeable in the relevant issues involved in this particular action;

   b) Practices in the same area of medicine that is at issue in this particular action, and;

   c) Is qualified by experience or has demonstrated competence in the subject of this case, and;

   d) Has practiced in the area of Internal Medicine and Oncology within a hospital setting for the last six years.

2. After reviewing the medical records and other relevant materials involved in this action the reviewing health care professional has determined, in a written report, that there is a reasonable and meritorious cause for the filing of this action against the Defendants, The United States of America and D.H. Rogers, M.D.

FURTHER affiant sayeth not.

SUBSCRIBED and SWORN to
before me this 30th day of October, 2007
Pauline M. Montgomery
NOTARY PUBLIC

*[Official Seal: Pauline M. Montgomery, Notary Public – State of Illinois, My Commission Expires: 10/5/08]*

### REPORT FROM CONSULTING HEALTH PROFESSIONAL

1. I am a physician licensed to practice medicine in all its branches. I have reviewed the records, facts, and other relevant materials relating to the medical care and treatment rendered to Morris Plummer from June 2002 until May 2006. I am knowledgeable of the medical issues involved in this matter. My practice is concentrated in the area of internal medicine, and oncology. I am familiar with the appropriate standard of care for reasonably well-qualified physicians that practice in the area of internal medicine and oncology and the related services within a hospital setting.

2. I have consulted with James D. Montgomery, attorney at law, for the purpose of reviewing the medical records and other relevant materials involved in the medical care and treatment rendered to Morris Plummer.

3. For the reasons set forth below, it is my opinion, which I hold to a reasonable degree of medical certainty, that there is a reasonable meritorious basis for suit against The United States of America and D.H. Rogers, M.D.

(a) Negligently and carelessly failed to accurately interpret the biopsy results in October 2002;
(b) Negligently and carelessly failed to follow up on the cancerous biopsy results in a timely manner;
(c) Negligently and carelessly failed to inform Morris Plummer of the biopsy results indicating the presence of rectal cancer and the need for further evaluation, examination and treatment in a timely manner;
(d) Negligently and carelessly informed Morris Plummer that the biopsy results from his colonoscopy were benign.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MORRIS PLUMMER | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| D.H. ROGERS, M.D. | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT AT LAW

NOW COMES Morris Plummer, by and through his attorney, James M. Sanford, of Cochran, Cherry, Givens, Smith & Montgomery, LLC, complaining of the Defendant, the United States of America and D.H. Rogers, M.D., states as follows:

1. This action arises under the Federal Tort Claims Act 28 U.S.C. §§ 2671 et seq. This court is vested with jurisdiction pursuant to 28 U.S.C. § 1346(b).

2. Plaintiff, Morris Plummer, a resident of Chicago, Illinois, and at all relevant times, a citizen of the United States.

3. At all times herein mentioned, defendant, United States of America by and through the Department of Veterans Affairs, an agency of Defendant, did and still does own and operate Jesse Brown VA Medical Center (hereinafter "Department of Veterans Affairs"), in Chicago, Illinois.

4. At all relevant times herein, Defendant, D. H. Rogers, M.D., was an employee of Defendant, Department of Veterans Affairs and was acting within the scope of his employment.

5. On or about June 12, 2002 and at all times material, a physician-patient relationship