UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MORRIS PLUMMER, | ) |
| | ) |
| Plaintiff, | ) |
| | )   No. 07 C 6187 |
| v. | ) |
| | ) |
| UNITED STATES OF AMERICA, D.H. | )   Judge Andersen |
| ROGERS, M.D. | ) |
| | ) |
| Defendants. | ) |

## UNITED STATES' ANSWER TO COMPLAINT AT LAW

Defendant United States, by its attorney, Patrick J. Fitzgerald, United States Attorney for the Northern District of Illinois, for its answer to the complaint, states as follows:

### First Defense

Under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 *et seq.*, the only proper party defendant is the United States. D. H. Rogers, M.D. is not a proper party defendant and should be dismissed.

### Second Defense

Under the Federal Tort Claims Act, plaintiff is not entitled to a trial by jury.

### Third Defense

Answering the specific allegations of the complaint, the defendant United States admits, denies, or otherwise avers as follows

1. **Complaint:** This action arises under the Federal Tort Claims Act 28 U.S.C. §§ 2671 et seq. This court is vested with jurisdiction pursuant to 28 U.S.C. § 1346(b).

   **Response:** Admit.

2. **Complaint:** Plaintiff, Morris Plummer, a resident of Chicago, Illinois, and at all relevant times, a citizen of the United States.

**Response:** Under information and belief, admit.

3. **Complaint:** At all times herein mentioned, defendant, United States of America by and through the Department of Veterans Affairs, an agency of Defendant, did and still does own and operate Jesse Brown VA Medical Center (hereinafter "Department of Veterans Affairs"), in Chicago, Illinois.

**Response:** Admit.

4. **Complaint:** At all relevant times herein, Defendant, D. H. Rogers, M.D., was an employee of Defendant, Department of Veterans Affairs and was acting within the scope of his employment.

**Response:** Dr. Rogers is an improper defendant in this case. Under the FTCA, the only proper defendant is the United States. Admit that Dr. Rogers is an employee of the Department of Veterans Affairs and was acting within the scope of his employment.

5. **Complaint:** On or about June 12, 2002 and at all times material, a physician-patient relationship existed wherein, Defendant, D. H. Rogers, M.D., and Morris Plummer. D.H. Rogers, M.D., having held himself out as Plaintiff's primary care physician.

**Response:** Deny, the United States avers that Dr. Rogers states in his progress notes of October 21 and November 5, 2002 that the patient/plaintiff is normally seen by Dr. Dianne Collins. These two visits are the only times Dr. Rogers saw Dr. Plummer.

6. **Complaint:** On June 12, 2002, Plaintiff, Morris Plummer under went colon cancer screening by having an endoscopic procedure performed. The procedure was performed by Defendant, Department of Veterans Affairs, employees. During the colonoscopy a biopsy was taken which was sent to the lab for evaluation.

**Response:** United States avers that a colonoscopy is a different procedure than an endoscopy. The endoscopy was performed on June 12, 2002. The colonoscopy was performed on August 29, 2002 at which time a sample was taken for evaluation.

7. **Complaint:** In October 2002, Defendant, D.H. Rogers, M.D., obtained the results of the biopsy material which had been removed from Plaintiff, Morris Plumer, during the endoscopy in June 2002.

**Response:** United States avers that Dr. Rogers obtained the results of the biopsy material in October 2002. Deny that the biopsy material was removed during the endoscopy in June 2002.

8. **Complaint:** The biopsy results found that Plaintiff, Morris Plummer, had moderately differentiated adenocarcinoma (rectal cancer) which was invading the submucosa.

**Response:** Admit.

9. **Complaint:** On October 21, 2002, Defendant, D.H. Rogers, M.D., failed to inform Plaintiff, Morris Plummer, that he had colon cancer. Instead, Defendant, D. H. Rogers, M.D., informed Plaintiff, Morris Plummer, that the colonoscopy showed a benign disease and recommended a repeat work up in 3 to 5 years.

**Response:** Deny Dr. Rogers informed Plummer that the disease was benign. Admit Dr. Rogers recommended a repeat work up in 3 to 5 years. Deny that Dr. Rogers is a proper party defendant in this case.

10. From October 2002 and continuing on until May 2006, Plaintiff, Morris Plummer, continued to have medical care provided to him by Defendants, Department of Veterans Affairs and D.H. Rogers, M.D. At no time was Plaintiff, Morris Plummer, ever informed that the biopsy from June 2002 reflected that he had rectal cancer.

**Response:** Deny that Dr. Rogers is a proper defendant in this case. Deny that Dr. Rogers was Plummer's primary care physician who cared for him from October 2002 until May 2006. Otherwise admit that his primary care physician did not inform Plummer that the biopsy from

June 2002 reflected he had cancer. The United States is without knowledge as to whether Plummer was ever informed by anyone else.

11. **Complaint:** In May of 2006, Plaintiff, Morris Plummer, had a second colonoscopy. The colonoscopy revealed that Plaintiff, Morris Plummer, colon cancer which was present in June of 2002 had progressed untreated and advanced to metastatic cancer involving his liver.

**Response:** Admit that colon cancer was present in June 2002 and May 2006. Admit that Plummer had liver cancer in May 2006. Otherwise, the United States is without knowledge to admit or deny the remaining allegations.

12. **Complaint:** In providing medical services to the Plaintiff, Morris Plummer, the Defendants, D. H. Rogers, M.D., and the Department of Veterans Affairs had a duty to possess and apply the knowledge, skill, and care, which a reasonable well qualified physician ordinarily would use in similar cases.

**Response:** Deny that Dr. Rogers is a proper party defendant in this case. Otherwise, admit.

13. **Complaint:** The Defendants, D. H. Rogers, M.D., and the Department of Veterans Affairs, breached that duty and were negligent in one or more of the following aspects:

(a) Negligently and carelessly failed to accurately interpret the biopsy results in October 2002;

**Response:** Deny.

(b) Negligently and carelessly failed to follow up on the cancerous biopsy results in a timely manner;

**Response:** Deny.

(c) Negligently and carelessly failed to inform Plaintiff of the biopsy results indicating the presence of rectal cancer and the need for further evaluation, examination and treatment in a timely manner;

**Response:** Deny.

    (d)    Negligently and carelessly informed Morris Plummer that the biopsy results from his colonoscopy were benign;

    **Response:**    Deny.

    (e)    Were otherwise negligent in the diagnosis, care, and treatment of the Plaintiff, Morris Plummer.

    **Response:**    Deny.

14.    **Complaint:**    That as a proximate result of one or more of the foregoing negligent acts or omissions of Defendants, D. H. Rogers, M.D., and the Department of Veterans Affairs, the Plaintiff, Morris Plummer, suffered severe, irreversible and permanent injuries by allowing his cancer to go untreated for a period of four years.

    **Response:**    Deny.

15.    **Complaint:**    That as a proximate result of one or more of the foregoing negligent acts or omissions of Defendants, D. H. Rogers, M.D., and the Department of Veterans Affairs experienced severe pain and suffering; has incurred obligations for substantial sums of money for hospital and medical expenses related to his treatment.

    **Response:**    Deny.

16.    **Complaint:**    Plaintiff, Morris Plummer, demands trial by Jury.

    **Response:**    Deny. United States avers that under the FTCA, Plummer is not entitled to a trial by jury.

WHEREFORE, defendant requests that the case be dismissed with costs and that the court award such further relief as may be appropriate.

        Respectfully submitted,

        PATRICK J. FITZGERALD
        United States Attorney

By: s/ Ann L. Wallace
    ANN L. WALLACE
    Assistant United States Attorney
    219 South Dearborn Street
    Chicago, Illinois 60604
    (312) 886-9082
    ann.wallace@usdoj.gov

*Of Counsel:*

Lisa Yee, Staff Attorney
Office of Regional Counsel
Jesse Brown VAMC
c/o Director's Suite
820 S. Damen Avenue, Room 2421
Chicago, Illinois 60612