IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

EVEREE PLUMMER, INDIVIDUALLY as )
WIFE and NEXT FRIEND of )
MORRIS PLUMMER )
                                                )   NO. 07 CV 6187
               Plaintiff,   )
                                                )
        v.   )
                                                  )
UNITED STATES OF AMERICA,   )
                                                  )
               Defendant.   )

**FIRST AMENDED COMPLAINT**

NOW COMES Plantiff, Everee Plummer, Individually as Wife and Next Friend of Morris Plummer, by and through her attorney, James M. Sanford, of Cochran, Cherry, Givens, Smith & Montgomery, LLC, complaining of the Defendant, the United States of America states as follows:

**COUNT ONE- WRONGFUL DEATH**

1. This action arises under the Federal Tort Claims Act 28 U.S.C. §§ 2671 et seq. This court is vested with jurisdiction pursuant to 28 U.S.C. § 1346(b).

2. Plaintiff, Everee Plummer, Individually as Wife and Next Friend of Morris Plummer, is a resident of Chicago, Illinois, and at all relevant times, a citizen of the United States.

3. At all times herein mentioned, defendant, United States of America, by and through the Department of Veterans Affairs, an agency of Defendant, did and still does own and operate Jesse Brown VA Medical Center (hereinafter "Department of Veterans Affairs"), in Chicago, Illinois.

4. At all relevant times herein, D. H. Rogers, M.D., and Dianne Collins, M.D., were employees of Defendant, United States of America, and where acting within the scope of their

employment.

5. At material and relevant times as alleged in 2002, Dianne Collins, M.D., and D. H. Rogers, M.D., established a patient-physician relationship and held themselves out as Morris Plummer's physicians by rendering care and treatment to Morris Plummer in that year.

6. In August of 2002, Morris Plummer under went colon cancer screening by having an colonoscopy procedure performed. The procedure was performed by Defendant, United States of America, by its agents/employees at the Department of Veterans Affairs. During the colonoscopy a biopsy was taken which was sent to the lab for evaluation.

7. In October 2002, Defendant, United States of America, by its agents/employees, including but not limited to D.H. Rogers, M.D., and Dianne Collins, M.D., obtained the results of the biopsy material which had been removed from Morris Plumer, during the colonoscopy in August of 2002

8. The biopsy results found that Morris Plummer, had moderately differentiated adenocarcinoma (rectal cancer) which was invading the submucosa.

9. On October 21, 2002, Defendant, United States of America, by its agents/employees, including but not limited to D.H. Rogers, M.D., and Dianne Collins, M.D., failed to inform Plaintiff, Morris Plummer, that his biopsy results reflected moderately differentiated adenocarcinoma (rectal cancer). Instead, D. H. Rogers, M.D., informed Morris Plummer, that the colonoscopy showed a benign disease and recommended a repeat work up in 3 to 5 years.

10. From October 2002 and continuing on until May 2006, Morris Plummer, continued to have medical care provided to him by Defendant, United States of America, by its agents/employees included but not limited to D.H. Rogers, M.D., and Dianne Collins, M.D., through

the Department of Veterans Affairs. At no time was Morris Plummer, ever informed that the biopsy from August 2002 reflected that he had rectal cancer.

11. In May of 2006, Morris Plummer, had a second colonoscopy. The colonoscopy revealed that Morris Plummer, colon cancer which was present in August of 2002 had progressed untreated and advanced to metastatic cancer involving his liver.

12. In providing medical services to Morris Plummer, the Defendant, United States of America, by its agents/employees at the Department of Veterans Affairs had a duty to possess and apply the knowledge, skill, and care, which a reasonable well qualified physician ordinarily would use in similar cases.

13. The Defendant, United States of America, by its agents/employees at the Department of Veterans Affairs, including but not limited to Dianne Collins, M.D., and D. H. Rogers, M.D., breached that duty and were negligent in one or more of the following aspects:

 (a) Negligently and carelessly failed to accurately interpret the biopsy results in October 2002;

 (b) Negligently and carelessly failed to follow up on the cancerous biopsy results in a timely manner;

 (c) Negligently and carelessly failed to inform Plaintiff of the biopsy results indicating the presence of rectal cancer and the need for further evaluation, examination and treatment in a timely manner;

 (d) Negligently and carelessly informed Morris Plummer that the biopsy results from his colonoscopy were benign;

 (e) Were otherwise negligent in the diagnosis, care, and treatment of Morris

Plummer.

14. That as a proximate result of one or more of the foregoing negligent acts or omissions of Defendant, United States of America, by its agents/employees at the Department of Veterans Affairs the Morris Plummer, suffered severe, irreversible and permanent injuries by allowing his cancer to go untreated for a period of four years which resulted in Morris Plummer's death on November 21, 2007.

15. Plaintiff's Decedent, Morris Plummer, left surviving him, as beneficiaries and next of kin in this action, his wife, Everee Plummer and two adult children Derrick Plummer and Gwenevere Plummer.

16. By reason of the death of Morris Plummer, as aforesaid, his wife and two adult children have suffered pecuniary loss including his loss of society, and loss of financial support as is recoverable under the Wrongful Death Act, 740 ILCS 180.0.01, *et seq* .

17. Plaintiff's damages are in excess of $50,000.00 (Fifty Thousand Dollars), the minimum jurisdictional amount of this Court.

**WHEREFORE**, PLAINTIFF, Plaintiff, Everee Plummer, Individually as Wife and Next Friend of Morris Plummer, deceased, demands judgment against Defendant, United States of America, for said damages including loss of society, consortium, and financial support sustained as the result of the wrongful death of the decedent, in an amount of money in excess of the jurisdictional limits of this Court.

## COUNT TWO-SURVIVAL ACT

**NOW COMES** Plaintiff, Everee Plummer, Individually as Wife and Next Friend of Morris Plummer, deceased, by and through her attorneys James M. Sanford of Cochran, Cherry, Givens,

Smith & Montgomery, LLC., complaining of the Defendant, United States of America and states as follows:

1-17.  Plaintiff repeats and realleges paragraphs 1 through 17 of Count I of this Amended Complaint as and for paragraphs 1 through 17 of this Count II.

18.  In providing medical services to Morris Plummer, the Defendant, United States of America, by its agents/employees at the Department of Veterans Affairs had a duty to possess and apply the knowledge, skill, and care, which a reasonable well qualified physician ordinarily would use in similar cases.

19.  The Defendant, United States of America, by its agents/employees at the Department of Veterans Affairs, including but not limited to Dianne Collins, M.D., and D. H. Rogers, M.D., breached that duty and were negligent in one or more of the following aspects:

- (a) Negligently and carelessly failed to accurately interpret the biopsy results in October 2002;
- (b) Negligently and carelessly failed to follow up on the cancerous biopsy results in a timely manner;
- (c) Negligently and carelessly failed to inform Plaintiff of the biopsy results indicating the presence of rectal cancer and the need for further evaluation, examination and treatment in a timely manner;
- (d) Negligently and carelessly informed Morris Plummer that the biopsy results from his colonoscopy were benign;
- (e) Were otherwise negligent in the diagnosis, care, and treatment of Morris Plummer.

20. That as a proximate result of one or more of the foregoing negligent acts or omissions of Defendants, United States of America, by its agents/employees at the Department of Veterans Affairs, Morris Plummer, experienced severe pain and suffering; has incurred obligations for substantial sums of money for hospital and medical expenses related to his treatment.

WHEREFORE, Plaintiff, Everee Plummer, Individually as Wife and Next Friend of Morris Plummer, demands judgment against Defendant, United States of America, in an amount of money in excess of the jurisdictional limit of this court together with the costs of this action.

Respectfully submitted,

By: s/ *James M. Sanford*
James M. Sanford
Attorney for Plaintiff

James M. Sanford
Cochran, Cherry, Givens, Smith & Montgomery, L.L.C.
One North LaSalle, Suite 2450
Chicago, IL 60602
(312) 977-0200